JUSTICE BARZ,
dissenting:
I dissent.
The majority opinion states that the difficulty for the Workers’ Compensation Court and for this Court was the competency of the claimant’s attorney. That was not the only difficulty. Another difficulty was the claimant’s credibility on whether he suffered a work-related injury at all on January 2, 1986, let alone aggravated the injury on March 7, 1986, while working several days at Mark Johnson Masonry. The findings of fact of the Workers’ Compensation Court dated December 11, 1987, state as follows:

“January 2.1986 Incident

“3. On January 2, 1986, claimant alleges he injured his knees while delivering kegs of beer down the stairs at the Zoo Bar in Bozeman, Montana. He felt that ‘... going down the stairs had just aggravated them to the point where they started hurting more.’ (Transcript at 15,16; Hueth April Deposition at 85.)
“4. Following the alleged January 2,1986 injury, the claimant continued to work throughout the entire months of January and February without missing any work until he was laid off on February 28, 1986. (Transcript at 39.)
“5. Claimant did not seek any medical treatment for his alleged injury at Bronken’s Distributorship. He did not take any medication for this alleged injury. He would have continued working if he had not been laid off. (Transcript at 40; Bronken Deposition at 38.)
“6. Records of business transactions with the Zoo Bar, kept in the ordinary course and scope of business at Bronken’s Distributorship show there were no deliveries to the Zoo Bar on January 2. There were no deliveries to the Zoo Bar from Bronken’s between November 21,1985 and January 8, 1986. (Exhibit No. 4.) The Zoo Bar is a college-oriented bar which is essentially closed for Christmas break. (Transcript at pages 56- 58.)
“7. Every transaction involving the sale or exchange of kegs of beer by Bronken’s employees requires that an invoice be made. There was *289 no evidence, by way of invoice or other document, to show a delivery to the Zoo Bar on January 2, 1986. (Transcript at 58, 59, 66.)
“8. Claimant’s uncorroborated testimony that he delivered kegs to the Zoo Bar on January 2, 1986, is not persuasive.

“Notice

“9. The claimant wrote on his claim for compensation which was received by the insurer on April 14,1986, that he had not notified his employer of the alleged injury. After the phrase, ‘Who did you notify?’, the claimant wrote in ‘no one.’ (Transcript at 32, Exhibit No. 1.) Claimant, in his first deposition, stated that he did not notify anyone at Bronken’s about the alleged injury. (Hueth April Deposition at 85; Transcript at 20, 32.) After stating on his claim for compensation that no notice was given and in his first deposition, the claimant then filed an Affidavit to Modify Deposition Testimony which was dated July 10,1987. The Affidavit stated the claimant had given Peter Bronken notice of the alleged injury three to five days after it occurred. (Transcript at 33.)
“10. Claimant believes that he told Bronken about the injury as ‘... kind of a passing thing.’ (Transcript at 16.)
“11. Claimant’s testimony is that he was confused and nervous when he had written and stated that he had not given notice to his employer. The claim form was submitted on April 11,1986, over three months after the alleged injury and after he retained counsel. (Transcript at 37, 38.)
“12. Claimant had filed previous workers’ compensation claims, including one for an injury which occurred on October 15,1985. This claim was filed two and one-half months prior to the alleged injury of January 2,1986. (Transcript at 36,37.)
“13. Peter Bronken, who was a credible witness, testified that he first learned of the alleged injury on March 21, 1986 in a phone call to his business while he was out of state. (Transcript at 60; Bronken Deposition at 16,17.)
“14. Claimant did not report to Peter Bronken that he had suffered a knee injury on January2,1986, or at anytime during January or February of 1986. No other employees of Bronken reported that Hueth had suffered a knee injury. (Transcript at 55.) Claimant has made no statement that he notified any other supervisor at Bronken’s Distributorship and there is no evidence otherwise.
“15. Bronken filed an employer’s first report and indicated that he had no notice of the alleged injury. (Transcript at 61.)
*290 “16. On page two of the accident history taken in a chiropractor’s office and signed by the claimant, it is indicated that the claimant had notified his employer of the alleged injury on March 3, 1986. On that date claimant was not employed at Bronken’s. (Hueth Deposition at 87.) (Emphasis in original.)”
The claimant clearly had knowledge about filing claims prior to the January 1986 alleged injury. He is a man with several years of college. When the claimant filed seeking a waiver on January 13, 1987, he submitted an affidavit in which he disavowed any claim against Mark Johnson Masonry. In it he stated:
“1. It has always been my position that Mark Johnson Masonry is not the proper party with respect to my industrial injury. That I have always believed that Bronkens [sic] Distributorship is responsible for my industrial injury. Therefore, at the time that I filed my Claim Form 54 against Bronkens [sic] Distributorship, I did not file a Claim Form 54 against Mark Johnson Masonry. However, subsequent to my filing my Form 541 have learned that possibly Mark Johnson Masonry could be responsible for my industrial injury. Said responsibility is premised upon the fact that at the time I realized I could no longer work, I was employed by Mark Johnson Masonry and not Bronkens [sic] Distributor-ship. However, it is still my position and will always be my position that Bronkens [sic] Distributorship is the party responsible for my industrial injury. However, at this time I would request that I be allowed to file a Claim Form 54 so that the Workers’ Compensation Judge may make a decision with respect to the liability of Mark Johnson Masonry and Bronkens [sic] Distributorship.
“I declare the above to be true and correct under penalty of perjury.”
In the deposition taken April 20,1987, the claimant testified that he was never injured on the job while working for Mark Johnson Masonry which contradicts his later testimony that he had suffered such injuries and told attorney Bechhold about them.
The applicable statute at the time of injury, § 39-71-601, MCA(1985), provided:
“(2) The division may upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months. (Emphasis added.)”
The hearing examiner and the Workers’ Compensation Court have not erred in consistently rejecting this claimant’s contentions that the statute should be waived.